This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

      **Plaintiff-Appellee,**

      **vs.**               **No. 30,496**
                                     **Otero County**
                                     **CR-2008-299**

**ALFREDO MUNIZ,**

      **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF ORTERO COUNTY**
**James Waylon Counts, District Judge**

Gary K. King, Attorney General
Margaret McLean, Assistant Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**SUTIN, Judge.**

Defendant appeals his conviction of two counts of criminal sexual contact of a minor. In our second notice, we proposed to reverse and remand the merger of the two counts and affirm denial of Defendant's motion to suppress his statement made to police. Both Defendant and the State have responded to our proposed disposition. Having considered their arguments, we reverse and remand for vacation of one count and for resentencing of Defendant. We affirm the denial of the motion to suppress.

The State agrees that reversal is warranted on the merger issue. Defendant likewise agrees with our proposal to reverse. Therefore, for the reasons stated in our second calendar notice, we reverse and remand to the district court to vacate one of the convictions and resentence Defendant. *See State v. Schoonmaker*, 2008-NMSC-010, ¶ 50, 143 N.M. 373, 176 P.3d 1105 (stating that double jeopardy requires one of the convictions to be vacated).

With regard to our proposal to affirm the denial of Defendant's motion to suppress statements that he made to police, Defendant continues to oppose our proposal. He continues to argue that he was not free to leave as the police already knew they were going to arrest him and were simply waiting until he gave an incriminating statement to do it. [DMIO 2]

As we pointed out in both our first and second notices, there is nothing in the record suggesting that the police were going to arrest him regardless of what statement he made. Rather, everything in the record shows that he was free to leave at any time during his statement. [RP 104-05, 240, 242] He was not in custody when he was asked to come to the police station to talk to police.

For the reasons stated in the first and second calendar notices, we affirm the denial of Defendant's motion to suppress his statement made to police.

**IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Chief Judge**

_____
**TIMOTHY L. GARCIA, Judge**